UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WILSON, | No. 2:20-cv-1715 AC P |
| Plaintiff, | |
| v. | ORDER |
| F. ORR, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 38.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that the issues are complex and will require significant research and investigation, plaintiff has limited access to the law library and limited knowledge of the law, and counsel would be better able to proceed at trial. ECF No. 38 at 1. These circumstances are common to most prisoners and do not establish exceptional circumstances warranting the appointment of counsel. Furthermore, since it has not yet been determined that this case will proceed to trial, any request based on the need for counsel at trial is premature. To the extent plaintiff asserts that he requires counsel because he suffers from severe arthritis in his hands and Crohn's disease and is recovering from a severe reaction to COVID-19, he has not explained how these conditions prevent him from proceeding without assistance.

Plaintiff has also attached a letter to his motion in which he indicates that he requires an attorney based on defendants' objections to some of his discovery requests, and that he is being denied access to inmate witnesses. ECF No. 38 at 2. Based on the attachments, it appears that defendants have objected to some of plaintiff's requests on grounds of privacy and official information privilege. Id. at 4-14. Defendants' objections to plaintiff's discovery requests, without more, do not establish the need for counsel. Plaintiff has the option to move to compel responses to the discovery requests, at which point the court would be able to assess the need for plaintiff to obtain the documentation sought and whether such documents should be produced to plaintiff. With respect to plaintiff's claim regarding inmate witnesses, there is not sufficient information for the court to assess whether appointment of counsel is necessary. Plaintiff has not provided any information regarding the witnesses he seeks to contact, what information they have, or how or why he is being prevented access to these individuals.

For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel and the motion will be denied. However, in light of plaintiff's claims regarding discovery, the court will provide a brief extension of the May 2, 2022 discovery deadline to allow plaintiff an opportunity to file any necessary motions to compel.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 38) is denied.
2. Plaintiff shall have an additional twenty-one days, up to May 23, 2022, to file motions to compel discovery.

DATED: April 28, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE