UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WILSON,<br><br>            Plaintiff,<br><br>      v.<br><br>F. ORR, et al.,<br><br>            Defendants. | No. 2:20-cv-1715 AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motions to compel and to extend the scheduling order deadlines (ECF Nos. 42, 48) and defendants' motions for summary judgment and to modify the scheduling order (ECF Nos. 44, 46).

I.      Procedural History

By order filed November 22, 2021, the undersigned set a schedule for the completion of discovery and filing of dispositive motions. ECF No. 25. Discovery requests were to be served no later than January 18, 2022; discovery, including the time to file motions to compel, closed on March 18, 2022; and dispositive motions were due by June 10, 2022. ECF No. 25. On defendants' request, the time for completing discovery, including filing motions to compel, was extended to May 2, 2022, and the time for filing dispositive motions was extended to July 25, 2022. ECF No. 36. Plaintiff's deadline to file a motion to compel was subsequently extended to June 17, 2022. ECF Nos. 39, 41.

1      On June 15, 2022, plaintiff filed a motion to compel, which defendants oppose. ECF Nos.
2  42, 43. On July 25, 2022, defendants filed a motion for summary judgment on the ground that
3  plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit. ECF No. 44.
4  They also filed a motion to modify the scheduling order requesting that, in the event the pending
5  motion for summary judgment is denied, they be permitted sixty days to file a merits-based
6  motion for summary judgment. ECF No. 46. On August 1, 2022, the court received plaintiff's
7  motion to withdraw his motion to compel and to extend all scheduling order deadlines by ninety
8  days "so he can send out properly drafted discovery." ECF No. 48 at 1. The motion is dated July
9  25, 2022. Id. at 2.

10     II.    Plaintiff's Motion to Extend Deadlines and Motion to Compel

11     Plaintiff has requested a ninety-day extension of all deadlines, including the deadline to
12  serve discovery requests. ECF No. 48. However, the deadline for serving discovery requests has
13  long since passed and discovery is closed. Plaintiff provides no explanation for why discovery
14  should be re-opened and the motion will be denied.

15     Because plaintiff's request to withdraw his motion to compel appears to be contingent on
16  extension of all deadlines, which is being denied, the court will not assume that the motion to
17  compel has been abandoned. Plaintiff seeks to compel the production of documents from
18  defendant Orr and identifies five categories of documents that he is seeking to compel. ECF No.
19  42. He previously sought to compel production of these documents and that motion was denied
20  because he failed to reproduce defendants' responses or offer any explanation as to why the
21  responses were deficient. ECF Nos. 40, 41. He was explicitly advised that a further motion to
22  compel "must include a copy of the requests as they were sent to defendants, defendants'
23  responses and objections, and an explanation as to why the responses are deficient or the
24  objections are not appropriate" and that failure to comply with the court's instructions would
25  result in denial of the motion. ECF No. 41 at 2.

26     Although plaintiff has now attached copies of defendants' responses to his two sets of
27  production requests, he fails to explain how each response is deficient beyond making a general
28  statement that "they say I can't have this but if I had a lawyer he could have it." ECF No. 42.

There is no indication in defendants' responses that they refused to produce documents to plaintiff due to his lack of representation. Id. at 3 (Orr's disciplinary history), 5 (inmate appeal), 10-11 (security video, name of inmate in program office, name of inmates at medical). Since plaintiff has not otherwise challenged defendants' responses, the motion to compel will be denied.

III. <u>Defendants' Motion for Summary Judgment and Motion to Modify Scheduling Order</u>

Defendants request that, in the event the pending motion for summary judgment on grounds of non-exhaustion is denied, they be granted sixty days to file a merits-based summary-judgment motion. ECF No. 46. This request will be granted. However, counsel for defendants is advised that the general expectation for motions for summary judgment filed on or near the deadline for filing such motions is that they will contain all grounds upon which the moving party believes they are entitled to summary judgment. Considerations related to the conservation of resources and time that encourage deciding exhaustion issues early, and prior to reaching the merits of a case, bear significantly less weight when discovery has ended and the time for dispositive motions has nearly run.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 42) is DENIED;

2. Plaintiff's motion to extend deadlines (ECF No. 48) is DENIED;

3. Plaintiff's motion to withdraw his motion to compel (ECF No. 48) is DENIED as moot;

4. Defendants' motion to modify the scheduling order (ECF No. 46) is GRANTED. If necessary, defendants may file a merits-based motion for summary judgment within sixty days of a final ruling on defendants' pending motion for summary judgment; and

5. Within twenty-one days of the service of this order, plaintiff shall file an opposition to defendants' pending motion for summary judgment.

DATED: August 4, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE